IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COLENE HAGEMAN,<br><br>                      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | ORDER AND<br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:13-CV-641-TC |

      Petitioner Colene Hageman pled guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1). The court sentenced Ms. Hageman to seventy months in custody. Ms. Hageman filed this petition under 28 U.S.C. § 2255, seeking to correct her sentence.

      Ms. Hageman, proceeding *pro se*, asserts two arguments in support of her contention that she received ineffective assistance of counsel. Her first argument is that her attorney failed to watch the videotape of the traffic stop. The second argument is that her attorney was ineffective when he failed to accompany her to the presentencing report interview.

      The court recognizes that *pro se* litigants' pleadings should be construed more liberally than if a licensed attorney had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Applying this more lenient standard, the court has carefully considered the relevant pleadings and the entire record and concludes that Ms.

Hageman has failed to meet her burden of establishing that her attorney was ineffective. Accordingly, the court DENIES Ms. Hageman's petition.

BACKGROUND

On March 8, 2011, Ms. Hageman was pulled over for speeding on Interstate 70 in Emery County. After an investigation and a recovery of methamphetamine by Sergeant Steve Salas of the Utah Highway Patrol (UHP), both Ms. Hageman and her passenger, Brenda Seybels, were arrested. A grand jury for the District of Utah returned an indictment against Ms. Hageman and Ms. Seybels.

Attorney Joseph Jardine defended Ms. Hageman. A motion to suppress evidence in the case was filed and a hearing was held on May 18, 2011. In preparation for the evidentiary hearing, Mr. Jardine claims he reviewed the discovery provided by the government including the videotape of the traffic stop. (Dkt. No. 5-1 at ¶ 4). After the hearing, Mr. Jardine filed a memorandum in support of the motion to suppress and argued in front of the court on the motion. The court denied the motion and Ms. Hageman decided to accept the plea offer from the government.

Ms. Hageman violated her pretrial release and on August 9, 2011, she appeared before Magistrate Judge Brooke Wells and admitted to two allegations in the violation petition. Ms. Hageman's release was revoked and she was ordered into custody.

On December 6, 2011, Ms. Hageman appeared before Magistrate Judge David Nuffer and entered her plea of guilty. A condition of the plea agreement was a complete acceptance of responsibility by Ms. Hageman.

A presentencing report (PSR) was prepared by a probation officer before the sentencing of Ms. Hageman. Part of the report required the probation officer to conduct an interview with Ms. Hageman. Mr. Jardine was not present with Ms. Hageman at the interview and in the words of Ms.

Hageman, the interview "did not go well." (Dkt. No. 1 at 5). During the interview, Ms. Hageman denied knowing that the drugs were in the car, but did tell the probation officer that she would admit to knowledge of the drugs if it would help her.

The PSR did not credit Ms. Hageman with a reduction for acceptance of responsibility and it calculated a sentencing range of 235 to 293 months, based on a criminal history category I, and base, adjusted and total offense levels of 38. Objections to the PSR were required to be filed by February 2, 2012. Mr. Jardine withdrew from the case on February 8, 2012, without filing an objection to the PSR. Parker Douglas of the Federal Defender Office was appointed on February 23, 2012.

On June 20, 2012, Mr. Douglas filed a sentencing memorandum, incorporating an objection to the PSR, arguing that Mr. Jardine's absence from the PSR interview and his failure to object to the PSR before the deadline should be taken into account by the court as a failure of adequate representation and Ms. Hageman's PSR should be amended. Mr. Douglas argued that the PSR report should give Ms. Hageman credit for acceptance of responsibility and the safety valve provision of § 5C1.2 should apply to Ms. Hageman. Because of this, Mr. Douglas contended that the PSR report erroneously calculated the guideline sentence range and that the correct range should be between 48 and 72 months.

On June 27, 2012, an amended PSR was issued, giving Ms. Hageman credit for acceptance of responsibility and applying the safety valve provision of § 5C1.2. The amended PSR calculated a base offense level of 27, based on a criminal history category I, and recommended a sentence range of 70-87 months. Ms. Hageman was sentenced to 70 months in prison with credit for time served.

ANALYSIS

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The standard applies to sentencing proceedings and plea hearings as well as at trial. See United States v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption. James, 211 F.3d at 555.

To establish prejudice under Strickland, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. But "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id. at 697.

**I.   Videotape**

Ms. Hageman argues that her counsel provided ineffective assistance when he failed to review the videotape of the traffic stop which ultimately led to discovery of the drugs in the car Ms. Hageman was driving. Ms. Hageman contends that had her attorney viewed the videotape, he would have seen that she slammed on her brakes when she went from a speed limit area of 70 mph to 60 mph. And because of this she would not have been speeding and she should not have been pulled over. Ms. Hageman also contends that had her attorney viewed this evidence, he would have

4

been more fully prepared for the evidential hearing and the drugs discovered in the car would have been suppressed.

At the evidentiary hearing, Sergeant Salas testified that he had observed a white passenger car traveling eastbound on I-70 that appeared to be speeding. He turned on his radar and clocked the car's speed at 70 mph in a 60mph zone.[1] He activated his emergency lights and the video recorder in his car began to record.[2] The videotape of the traffic stop was introduced at the evidentiary hearing and the court reviewed the video before making a ruling to deny the motion to suppress. Ms. Hageman does not challenge Sergeant Salas' testimony regarding her speed on the radar which was the basis for the traffic stop. Accordingly, the record does not reflect and Ms. Hageman fails to demonstrate that she was prejudiced by the failure of her counsel to review the videotape of the traffic stop.[3] Because the court finds no prejudice, there is no need to evaluate Mr. Jardine's performance.

**II.     Presentencing Interview**

Ms. Hageman argues that her counsel provided ineffective assistance when he failed to attend the presentencing interview with her and the probation officer. Ms. Hageman contends that because she was not accompanied by her attorney and not given proper instructions on how

---

[1] He also believed the window tinting of the front driver's side window was darker than Utah law allowed.

[2] The videotape of the traffic stop begins 30 seconds before the emergency lights are activated. The car recording system is programed to begin a recording when the lights are activated, but it includes 30 seconds previous to any emergency light activation.

[3] Mr. Jardine claims that he reviewed the videotape before the evidentiary hearing and Ms. Hageman has presented no evidence to the court of the contrary.

to handle the interview, things went bad, and she was given an additional 34 months on her sentence compared to her co-defendant, who was given only 36 months for pleading to the same charge.

Though Mr. Jardine did not accompany Ms. Hageman to the presentencing interview, any prejudice that may have been attributed to his absence was rectified by Ms. Hageman's new attorney, Mr. Douglas. Mr. Douglas' memorandum to the court requested an amendment to the PSR to give Ms. Hageman credit for acceptance of responsibility and calculation of the safety valve. The PSR was amended accordingly and during the sentencing of Ms. Hageman, the government, the probation office, and the court all agreed that Ms. Hageman had taken full responsibility for her actions. The court took into account the pretrial release violations of Ms. Hageman, the vigorous advocacy of her new attorney, and sentenced her to the low end of the sentencing guideline recommendation. Ms. Hageman was sentenced to 70 months in prison with credit for time served. Ms. Hageman fails to demonstrate that she was prejudiced by the absence of her counsel at the presentencing interview and the court need not evaluate Mr. Jardine's performance.

## CONCLUSION

Accordingly, the court DENIES Ms. Hageman's Motion to Correct Sentence (Dkt. No. 1).

DATED this 31st day of July, 2014.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge